UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY L. MUSKIN,

   Petitioner,

v.              Case No. 06-C-1128

MICKEY McCASH,

   Respondent.

**ORDER**

On October 30, 2006, Gregory L. Muskin filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of one felony and two misdemeanor violations of bailjumping, as well as battery of an injunction petitioner. On January 27, 2003, he was sentenced to a total of five years of imprisonment. He is currently incarcerated at the Sanger B. Powers Correctional Center.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and has exhausted available state remedies.

Muskin asserts that his conviction and sentence were unconstitutional on three grounds: (1) the trial court abused its discretion when it disallowed impeachment testimony and impeachment evidence; (2) he received ineffective assistance of counsel; and (3) he did not make a voluntary and knowing plea agreement for the bail jumping charges. I conclude he has alleged sufficient facts to warrant further review as to all three.

His first claim is that the trial court abused its discretion when it disallowed certain impeachment evidence against the complaining witness. Specifically, Muskin alleges that one Bobby Robinson was prepared to testify that the alleged victim of the battery offense admitted that Muskin did not harm her. The trial court excluded the testimony, however, because Muskin's attorney had failed to provide proper notice. Evidentiary questions are generally not subject to review in habeas corpus proceedings. *Howard v. O'Sullivan*, 185 F.3d 721, 724 (7th Cir. 1999). To be of constitutional import, an erroneous evidentiary ruling must be so prejudicial that it compromises the petitioner's due process right to a fundamentally fair trial. *United States ex rel. Clark v. Fike*, 538 F.2d 750, 757 (7th Cir.1976). This means that the error must have produced a significant likelihood that an innocent person has been convicted. *See Thompkins v. Cohen*, 965 F.2d 330, 333 (7th Cir.1992). Here, Muskin's allegations suggest that the trial court disallowed Robinson's testimony because proper notice was not given to the prosecution. If that is the case, the fault may lie, as Muskin also asserts, with his trial counsel, and not with the court. Because it is not clear whether and what kind of notice was required, however, Muskin will be allowed to proceed on the claim at this stage of the proceedings.

Muskin's second claim is for ineffective assistance of counsel. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S.

668 (1984). Here, Muskin faults his attorney for failing to provide the notice referred to above, as well as for his failure to properly investigate the case, effectively cross-examine the complaining witness and properly advise Muskin as to the bailjumping charges. This claim may also proceed.

Finally, Muskin claims that his plea to the three bailjumping charges was not knowingly and intelligently entered. Here again, Muskin's claim that his plea was not voluntary may ultimately be subsumed in his claim of ineffectiveness of counsel to the extent that it is based on deficient advice provided by counsel. But Muskin also suggests that he protested the plea on the record and thus it is difficult to say whether the claim is so limited. Since a plea must be knowing and voluntary to be valid, *Brady v. United States*, 397 U.S. 742, 748 (1970), this claim may also go forward.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A

petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). Petitioner appears to have exhausted his remedies by including his claims in unsuccessful appeals to the Wisconsin Court of Appeals and later the Wisconsin Supreme Court.

**IT IS THEREFORE ORDERED** that Muskin may proceed on the three claims identified above.

**IT IS FURTHER ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   3rd   day of November, 2006.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge