# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

GREGORY L. MUSKIN,

        Petitioner,

   v.                                  Case No. 06-C-1128

MICKEY McCASH,

        Respondent.

---

## **ORDER**

---

On October 30, 2006, Gregory L. Muskin filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of felony bailjumping and battery of an injunction petitioner in violation of Wis. Stat. §§ 946.49(1)(b) and 940.20(1m)(a), respectively. On January 27, 2003, he was sentenced to a total of fifteen years with the first five years in confinement. He is currently incarcerated at the Sanger B. Powers Correctional Center.

Muskin claims he is entitled to federal relief under § 2254 on four grounds: the trial court improperly excluded a witness for the defense; (2) his attorney provided ineffective assistance at trial by failing to give notice of alibi for a key defense witness; (3) his guilty pleas to three misdemeanor bailjumping charges that were dismissed at the time of sentencing were not entered knowingly and voluntarily; and (4) his attorney provided ineffective assistance by failing to

vigorously cross-examine his six-year-old daughter.[1]  In my initial screening order, I instructed

Muskin that unless the respondent filed a dispositive motion in lieu of an answer to his petition, he

was to file his brief in support of his petition within 45 days of the filing of respondent's answer.

The respondent filed his answer on November 30, 2006, and Muskin has yet to file any further

authority or argument, other than what he filed with his initial petition.  The time to do so having

expired, I will proceed to address his claims.

Title 28 U.S.C. § 2254(d) as amended by AEDPA provides that habeas relief shall not be

granted unless the state court decision was "contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States" or "was

based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding."  To secure a writ under § 2254(d)(1), petitioner first must show that the Supreme

Court had "clearly established" the propositions essential to his position at the time of the

challenged state court decision. *Schaff v. Snyder*, 190 F.3d 513, 522 (7th Cir. 1999) (citing *Mueller*

*v. Sullivan*, 141 F.3d 1232, 1234 (7th Cir. 1998)).  Next the petitioner must demonstrate that the

state court's decision was either "contrary to" or "involved an unreasonable application of" the

clearly established Supreme Court jurisprudence. *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A state ruling is "contrary to" Supreme Court precedent (1) "if the state court arrives at a conclusion

opposite to that reached by [the Supreme] Court on a question of law," or (2) "if the state court

---

[1]In my initial screening order, I concluded that Muskin could proceed on only his claims of
ineffective assistance of counsel and involuntary pleas.  On further consideration, I will consider
also his claim that the trial court abused its discretion in excluding a defense witness as a due
process claim.  *See Howard v. O'Sullivan*, 185 F.3d 721, 723-24 (7th Cir. 1999) ("To be of
constitutional import, an erroneous evidentiary ruling must be so prejudicial that it compromises
the petitioner's due process right to a fundamentally fair trial.").

2

decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 412-13; *see also id.* at 405-06. A state ruling is "an unreasonable application of" precedent "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A "federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Congress used "unreasonable," not "erroneous" or "incorrect," however; a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Finally, I must presume that the state courts' factual findings are correct. 28 U.S.C. § 2254(e)(1). This presumption may be rebutted only by clear and convincing evidence. *Id.*; *Foster v. Schomig*, 223 F.3d 626, 631 (7th Cir. 2000).

Applying these principles to the facts of this case, it is clear that Muskin's petition fails. His claim that the trial court erroneously excluded a key witness at trial fails because, while Muskin is correct that the trial court apparently erred in excluding Robinson as a witness for an alibi of which no prior notice had been given, there was no showing of any prejudice to the defense. Muskin claims that on the night of the battery, he was talking on the phone to Rayjean Furuya, his former girlfriend and the victim of the offense, while he was watching a Packers game at the residence of the proposed witness, one Bobby Jo Robinson. In response to the prosecutor's objection to Robinson testifying, trial counsel made an offer of proof that Robinson would testify that during his telephone conversation with Rayjean, Muskin abruptly got up and said, "I gotta go." The trial court excluded Robinson's testimony because no notice of alibi had been given. The Wisconsin Court

3

of Appeals held that Robinson's testimony was not alibi evidence because it was consistent with the state's assertion that Muskin went to Rayjean's house after talking with her on the phone. Since counsel's offer of proof offered nothing further, and appellate counsel was unable to ascertain what more Robinson could have offered because Muskin instructed him to drop the issue and declined to furnish information necessary to locate Robinson, the Court of Appeals concluded that Muskin had failed to establish that the apparently erroneous ruling resulted in prejudice.

In support of his claim for § 2254 relief, Muskin now claims that Robinson would have testified that Muskin went over to Rayjean's house because it sounded like someone was breaking in, thereby supporting his contention that she had lured him over to her house to "set him up." Muskin also claims that Robinson would have testified that Rayjean admitted to him that Muskin did not cause the bruises to her neck that the state alleged resulted from his attempt to choke her. Muskin's claim is without merit since he offers nothing in the form of evidentiary support for his position, such as an affidavit from Robinson. More important, there is no record of his ever having made such a claim in state court. The offer of proof made by his attorney was only that he abruptly left Robinson's house to go to Rayjean's. Counsel never said Robinson could say anything about why he was going, nor is there any suggestion that Robinson would have testified to a prior inconsistent statement by Rayjean as to the source of the bruising on her neck. In light of these facts, the decision of the Wisconsin Court of Appeals rejecting his claim was not an unreasonable application of clearly established federal law.

Muskin's claims of ineffective assistance of counsel likewise fail. His claim that counsel was ineffective for failing to give notice of alibi fails because, as noted above, Robinson was not an alibi witness. Thus, no notice was necessary. That fact that the trial court erred in excluding the

4

evidence was not counsel's fault. As to the failure of trial counsel to vigorously cross-examine his six-year-old daughter, this is clearly the kind of decision that falls well within the wide range of professional assistance that is presumed sound trial strategy. *See Strickland v. Washington,* 466 U.S. 668, 689 (1984) ("Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."). Muskin has neither made any showing that crucial facts were omitted nor reasonably explained how a more aggressive cross-examination of his daughter could have yielded a different result. Here, too, the Court of Appeals decision is not contrary to clearly established federal law.

Finally, Muskin's challenge to the voluntariness of his guilty pleas to the three misdemeanor bailjumping charges fails for the simple reason that those charges were dismissed at the time of sentencing and have no role in his present custody. Although Muskin alleges in his petition that counsel's advice somehow rendered his guilty plea to the felony bailjumping charge on which he was sentenced involuntary, the argument is not developed. Since Muskin has declined to file a brief to develop the argument further, I conclude he has abandoned it. In any event, no showing of a right to relief on this basis has been made.

In sum, I conclude from the petition and response that Muskin is not entitled to relief under 28 U.S.C. § 2254. His petition is therefore denied and this action dismissed.

Dated this ___6th___ day of March, 2007.


s/ William C. Griesbach
William C. Griesbach
United States District Judge

5